## JESSE ROBINSON v. STATE.

No. A-3674.   Opinion Filed Dec. 10, 1921.

(202 Pac. 186.)

Appeal from County Court, Canadian County; W. A. Maurer, Judge.

Jesse Robinson was convicted of selling intoxicating liquors, and he appeals. Modified and affirmed.

Babcock & Trevathan, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Jesse Robinson was convicted in the county court of Canadian county on the 6th day of September, 1919, of the crime of selling intoxicating liquors, and punishment assessed by the court at a fine of $150 and imprisonment in the county jail for a period of 60 days.

It is here urged that the evidence is insufficient to sustain this conviction. The defendant was charged with having sold on the 15th day of June, 1919, one pint of whisky to Orville Shaw. Shaw testified that defendant sold him a pint of whisky on that day, and that he paid the defendant $6 for the same. Two other witnesses for the state testified to the fact that Shaw and the defendant were together on that day, and that Shaw was trying to buy some whisky, and that after being with defendant, Shaw later appeared with some whisky. These witnesses, however, did not see the sale made.

Defendant admits being with Shaw on that date, and also admits that Shaw wanted him to get some whisky for him, and that he went with Shaw in an automobile to get some whisky for Shaw, but failed to find any, and that, if Shaw got any whisky, he got it from somebody else. The evidence shows that the defendant at that time was working in a pool hall, but prior to that time he had been employed as a car inspector for the Ft. Smith & Western Railroad, and also had worked in the same capacity for the Rock Island Railroad.

The evidence of the state's witnesses is sufficient to sustain the verdict. While there is some conflict in the evidence,

this court will not set aside a verdict and judgment where there is any credible evidence in the record which, if believed by the jury, is sufficient to uphold the verdict.

The evidence in this case discloses that the defendant is not a confirmed bootlegger. On the state's testimony it is apparent that he first procured the whisky from some other person before selling it to the prosecuting witness. He did it more as an act of accommodation, but nevertheless he is technically guilty of making the sale charged.

Under such circumstances it is the opinion of the court that the ends of justice would be best subserved by modifying the judgment to provide a fine of $50 and imprisonment in the county jail for a period of 30 days, the minimum punishment for this offense.

For reasons stated, the judgment is so modified, and as modified it is affirmed.